**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DEVON HARRIS,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:22cv00191** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD W. CLARKE, et al.,** | ) | **By:  Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

Devon Harris, a Virginia inmate and registered sex offender proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials have denied him home video visitation in violation of his constitutional right to equal protection under the law. The defendants have filed a motion for summary judgment, to which plaintiff has replied.  Upon review of the pleadings, the record, and the law, I find that the defendants are entitled to judgment as a matter of law.

## I.   BACKGROUND

Devon Harris is serving a 45-year sentence for his convictions in 2011 for four counts of rape (victim below age 13), four counts of aggravated sexual battery (victim below age 13) and two counts of indecent liberties (victim below age 15).  He is registered on the Virginia Sex Offender Registry.  In December 2021, Harris was incarcerated at Red Onion State Prison for his offenses.  He requested home internet visitation, but his request was denied because he is a registered sex offender.  Virginia Department of Corrections (VDOC) Operating Procedure (OP) 851.1, explains VDOC policies regarding visitation.  Harris requested the opportunity to complete an exemption questionnaire so that he could have home video visitation but was told that he was not eligible for an exemption. Harris asserts that his ineligibility for home video visitation violates his equal protection rights.

Section IX of OP 851.1 discusses the policies and procedures for alternative visitation methods, such as non-contact visitation and video visitation.  The Video Visitation Program, facilitated in part by the non-profit group Assisting Families of Inmates (AFOI), has two components:  Home Internet Video Visitation and Visitor Center Video Visitation.  Both programs are available to eligible inmates at all VDOC facilities.  OP 851.1(IX)(A)(1).  AFOI operates several video visitation centers in the Commonwealth.  After scheduling and approval of the video visitation, the visitor reports in person to the visitor center at the designated appointment time to participate in the video visitation.  Staff at the visitor center monitor the video visits in person at the center, while the visitation is in progress.  White Aff. ¶ 7.  All video visits are both monitored and recorded.  OP 851.1(IX)(A)(1)(b)(iii).  Sex offenders may participate in visitor center video visits if they have been approved by the *Sex Offender Visitation Committee*.  OP 851.1(IX)(A)(1)(c)(1)((a)).

In contrast, home internet visitation occurs through a private internet connection directly from the visitor's personal communication device (desktop, laptop, tablet, or android smartphone). OP 851.1(IX)(A)(2)(a).  These visits are scheduled online by an approved visitor of an eligible inmate.  Because the visitor uses his or her own communication device, from home or elsewhere, no one approved by the VDOC is available to monitor the visitor's actions during the call.  Although the calls are recorded, they are not actively monitored, but they are retrieved if needed to investigate a complaint of improper conduct.  White Aff. ¶ 8.  From the time the video visitation policy was adopted in April 2021, inmates required (or potentially required) to register on the *Sex Offender and Crimes Against Minors* registry have been ineligible to participate in home video visitation.  OP 851.1(IX)(A)(2)(c)(i).  That procedure was amended July 1, 2021 to clarify that inmates required or potentially required to register *for a sexual offense* are not

2

eligible for home video visitation.  White Aff. ¶ 10.  Inmates on the registry for a non-sexual crime against a minor may apply for an exemption by completing an Exemption Questionnaire; if the exemption is approved (a lengthy process), the inmate may participate in home video visitation.  OP 851.1(IX)(A)(1)(c)(ii)((b)).  The exemption is not available for inmates on the registry for a sexual offense.  White Aff. ¶ 11.

## II.  ANALYSIS

When ruling on a motion for summary judgment, a federal court must view the facts in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  Summary judgment is appropriate only if  "there is no *genuine dispute* as to any *material fact* and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (emphasis added).  The mere existence of some factual dispute will not defeat an otherwise proper motion for summary judgment; the dispute must involve a genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  A disputed fact is material only if its resolution will affect the outcome of the trial.  *Id.* at 247.

Harris asserts the following issues as disputed facts: (1) that the video kiosk in the prison's visitation room is capable of live audio and video recording of the visitation; (2) that inmates who are not registered or required to register as sex offenders have been sanctioned for "inappropriate behavior" during home internet video visits; and (3) when suspended for inappropriate behavior, these non-sex-offender inmates can have their video visitation privileges restored after a period of suspension.  Pl's Stmt of Material Facts, ECF No. 26.  For purposes of ruling on the present motion, I accept that these allegations are true.

The Equal Protection Clause requires a governmental entity to treat all similarly situated persons alike.  U.S. Const. amend. XIV, § 1; *Plyler v. Doe*, 457 U.S. 202, 216 (1982).  Harris

complains that registered sex offenders are treated differently than other inmates.  For purposes of the challenged visitation procedures, however, registered sex offenders are not similarly situated to other inmates.  Procedures treating sex offenders differently as a class, if rationally related to a legitimate government interest, will be upheld unless sex offenders are recognized as a "suspect class" or the regulation infringes a fundamental right.  *Heller v. Doe*, 509 U.S. 312, 319–20 (1993).  Every circuit court to address the issue has concluded that sex offenders are not a suspect class for purposes of equal protection analysis.  *Wiley v. West Va. House of Delegates*, No. 2:14cv10974, 2017 WL 663671, at *7 (E.D. Va. Jan. 30, 2017) (citing cases from the 2d, 3d, 5th, 6th, 9th, 10th, and 11th Circuits).  Likewise, to the extent that the law recognizes a person's right to maintain certain familial relationships, that right must yield when incompatible with the penological needs of incarceration.  *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003).  "[T]here is no constitutional right to prison visitation, either for prisoners or visitors."  *White v. Keller*, 438 F. Supp. 110, 115 (E.D. Md. 1977), *aff'd,* 588 F.2d 913, 914 (4th Cir. 1978).

Because sex offenders are not a suspect class and there is no constitutional right to visitation in prison, the highly deferential rational basis test applies to uphold a regulation unless a challenger can show that there is no rational relationship between regulation and some legitimate governmental purpose.  The rational relationship test presumes the validity of a state regulation, and the person challenging the regulation has the burden of proving that it has no rational relationship to the government interest.  *Doe v. Settle*, 24 F.4th 932, 943 (4th Cir. 2022).

Even when a prison regulation impinges a constitutional right, the regulation will be upheld if it meets the four-factor balancing test set forth in *Turner v. Safley*, 482 U.S. 78 (1987): (1) whether there is a valid rational connection between the regulation and a legitimate government interest; (2) whether alternative means are available to inmates to exercise the

asserted right; (3) the impact on guards, inmates, and prison resources if the right is accommodated in the way requested by the inmate; and (4) whether there are ready alternatives to the regulation.  *Id.* at 89–91.  Applying the *Turner* factors, the Fourth Circuit Court of Appeals upheld VDOC's regulations limiting a sex offender's in-person visitation with his minor child under OP 851.1.  *Desper v. Clarke*, 1 F.4th 236, 243 (4th Cir. 2021).  In finding the regulation is reasonably related to legitimate penological interests, the court noted the necessity of granting substantial deference to the professional judgment of prison administrators who are tasked with defining and implementing the goals of the corrections system.  *Id.* at 244.

Applying the same factors, the District Court for the Eastern District of Virginia upheld the same home video visitation regulation challenged here, finding that the regulation reasonably promotes the legitimate penological objectives of rehabilitation, security, and protecting children from harm.  *Holloway v. Clarke*, No. 3:20cv109, 2021 WL 5760853, slip op. at *3 (E.D. Va. Dec. 3, 2021).  As the court further noted:

> Specifically, because of their specific criminal history, sex offenders are more likely to take advantage of unrestricted at-home video visitation to engage in sexual conduct.  Therefore, the regulation here requires [the inmate's] family who wish to take advantage of the program to travel to an approved AFOI visitation center, where the risk of inappropriate sexual conduct is significantly decreased.

*Id.*  Sex offenders have several alternative means of communicating with visitors other than through the home video program.  Their visitors can travel to a video visitation center for a video visit.  Sex offenders can have in-person visits at the prison.[1]  Telephone (OP 803.3) and mail (OP 803.1) provide additional communication routes.  While Harris may not prefer these other options, he still has ways of communicating with visitors, so he has not been deprived of his

---

[1] If the visitor is a minor, the inmate must obtain a sex offender exemption and the minor must be his biological or adopted child or stepchild.  OP 851.1(IV)(A).

5

visitation rights.  *Holloway*, *3.  Just as in *Holloway*, Harris has not suggested any alternative to the VDOC regulation other than having prison personnel monitor the video feed inside the prison.  The court in *Holloway* rejected that alternative, noting the "significant drain on prison personnel" that would be required.  *Holloway*, *3 n.2.

The additional facts asserted by Harris in opposition to summary judgment do not change this analysis.  The defendants acknowledge that home video visits are recorded by the prison and can be reviewed later if there are concerns about inappropriate behavior on the call.  White Aff. ¶ 8.  However, that does not address the need for real-time monitoring of the video visits while they are occurring, which is more critical when dealing with sex offenders.  *Id*. at ¶ 11.  Further, as noted in *Holloway*, the prisons lack the resources to provide real-time monitoring of video visits.

Likewise, that other inmates might also engage in "inappropriate behavior" on home video calls is irrelevant to the defendants' rational choice to focus the video limitation on those who are most likely to act out sexually.  Section XI of the visitation policy refers to a large range of conduct that would be considered inappropriate behavior (not just sexual conduct), leading to visitation restrictions or suspension of visitation privileges.  Although suspension of privileges is limited to three years for violating the regulations, depending on the nature of the misconduct, new criminal charges may be brought against an inmate.  OP 851.1XI(C)(3)(b).  If an inmate is convicted of charges that result in placement on the sex offender registry, because of conduct occurring during a video visit, then the inmate's video visitation eligibility will change because of his status as a registered sex offender.  Thus, the hypothetical disparate treatment that Harris raises does not change the equal protection analysis of the home video visitation regulations.

### III. Conclusion

For the reasons stated, I will grant the defendants' motion for summary judgment and dismiss Harris' complaint.  An appropriate order will be entered.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

Enter:  May 9, 2023

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge